## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| JEANETTA AND JACOB C. SPRINGER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV NO. 2:17-CV-693-MHT |
| WELLS FARGO BANK, N.A., *et al.*, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") submits this Memorandum of Law in support of its Motion to Dismiss Plaintiffs Jeanetta and Jacob C. Springer's (collectively, the "Springers") Complaint pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*. The Springers' Complaint fails to state a claim, is barred by res judicata, and this Court lacks jurisdiction under the *Rooker-Feldman* doctrine. Thus, it should be dismissed.

### I.    STATEMENT OF FACTS

1.    On August 10, 1998, Jeanetta Springer's father, Warren Minnifield, executed a note, security agreement and disclosure statement (the "Note") in favor of SouthTrust Bank, National Association ("SouthTrust"), secured by a Real Estate Mortgage, Security Agreement, and Financing Statement (the "Mortgage," and together with the Note, the "Loan") for real property located at 619 Lafayette

Highway in Roanoke, Alabama, 36274 (the "Property"). (Copies of the Note and Mortgage are attached as **Exhibit A**.) Jeanetta Springer and her mother both executed the Mortgage. (*See id.*) Wells Fargo is the successor-by-merger to SouthTrust.[1]

2.    Wells Fargo held a foreclosure sale on October 19, 2011 and purchased the Property at the sale. (*See* Doc. 1 at 4.) The Springers and Wells Fargo were parties to an eviction action (the "Eviction Action") filed in the Circuit Court of Randolph County, Alabama (the "Circuit Court") on April 25, 2012. (*Id.*) (Relevant pleadings from the Eviction Action are attached as **Exhibit B**.)[2]

3.    In the Eviction Action, the Springers asserted identical claims against Wells Fargo to those presented here—namely, that Wells Fargo "improperly misapplied and misappropriated loan payments engineering the alleged default and resulting in a wrongful foreclosure" and denying that "at the time of the foreclosure sale there was a legitimate and/or accurately stated default." (*See id.* at Answer.)

---

[1] This Court can also take judicial notice of the merger between Wachovia and SouthTrust and the merger between Wells Fargo and Wachovia. *See, e.g.*, *Wells Fargo Bank, Nat'l Ass'n v. KT Mech. Contractors, Inc.*, 2011 WL 5005994, at *1 (D. Md. Oct. 18, 2011) ("The Court takes judicial notice of the fact that on or around September 1, 2001, First Union merged with Wachovia, and on or around March 20, 2010, Wachovia merged with Wells Fargo.").

[2] Wells Fargo respectfully requests the Court to take judicial notice of documents filed in the Circuit Court. *See Smith v. Wells Fargo Bank, N.A.*, 2017 WL 3882525, at *2 (M.D. Ala. Aug. 15, 2017) (taking judicial notice of documents filed in an eviction action in state court under *Federal Rule of Evidence* 201(b)).

4.      The Circuit Court entered judgment in Wells Fargo's favor in the Eviction Action on July 28, 2014, finding that the foreclosure sale was proper and that Wells Fargo was entitled to the immediate possession of the Property. (*See id.*)

5.      The Springers appealed the Circuit Court's entry of judgment in Wells Fargo's favor to the Alabama Court of Civil Appeals, which affirmed the order without opinion on April 17, 2015. (*See id.*) Notably, in the Springers' brief on appeal, they raised due process arguments.

6.      On October 13, 2017, the Springers filed the instant Complaint against Wells Fargo, Sirote & Permutt, P.C. (foreclosure counsel in the Eviction Action), and the Alabama Department of Revenue. (*See* Doc. 1.) The Springers ask this Court to award them damages and order the Defendants to return the Property. (*Id.*)

## II.      STANDARD OF REVIEW

A motion to dismiss for failure to state a claim should be granted when the complaint fails to state a claim upon which relief can be granted. *Fed. R. Civ. P.* 12(b)(6). While this Court should construe the Springers' pro se Complaint more liberally, such "leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014). In addition, when a defendant moves to dismiss a complaint based on res judicata, "a court may consider documents attached to the motion to dismiss if they are referred

to in the complaint and are central to the plaintiff's claim." *Starship Enters. of Atlanta, Inc. v. Coweta Cnty., Ga.*, 708 F.3d 1243, 1253 n.13 (11th Cir. 2013).

## III.  ARGUMENT

The Springers allege that the foreclosure sale of the Property was improper because "[t]he evidence clearly showed the house had not reached foreclosure status." (*See* Doc. 1 at 4.) They seek the return of the Property, compensatory damages, and punitive damages. (*Id.*) The Springers' Complaint is due to be dismissed because (A) it fails to state a claim upon which relief can be granted; (B) it is barred by res judicata; and (C) this Court lacks jurisdiction under the *Rooker-Feldman* doctrine.[3]

### A.  The Springers' Complaint fails to state a claim.

The Springers appear to assert due process claims. (*See* Doc. 1 at 4 (alleging that "damages are also being sought for the violation of our Constitutional Rights and abuses by the state actors under color of law")); (*id.* at 3 (listing the Due Process clauses in the Fifth and Fourteenth Amendments as the Constitutional provisions at issue)).

As an initial matter, any Fifth Amendment due process claim fails because Wells Fargo is not the federal government or an agent of the federal government,

---

[3] The Springers' Complaint is also due to be dismissed for improper service under Rule 12 of the *Federal Rules of Civil Procedure*. The Springers did not serve Wells Fargo's registered agent as required by Rule 4. (*See* Doc. 1.)

and the Springers do not allege as much. *See Sims v. Glover*, 84 F. Supp. 2d 1273, 1288 (M.D. Ala. 1999) (noting that "the Fifth Amendment Due Process Clause cannot provide a basis for liability, because it applies only to the federal government").

In order to liable for a due process violation under the Fourteenth Amendment, the Springers must allege that Wells Fargo is a state actor. *See Hughes v. Meadows*, 2017 WL 3083257, at *3 (M.D. Ala. July 19, 2017). But private parties are "rarely" considered state actors. *Id.* (citing *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001). And simply alleging that Wells Fargo (or any other defendant) is a state actor—like the Springers have done here—does not satisfy the pleading requirements. *See Hughes*, 2017 WL 3083257, at *3 (rejecting a conclusory allegation that the defendant was a state actor because "[s]uch conclusory statements without any allegations providing factual support are not entitled to deference by the Court" (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)).

Instead, the Springers' Complaint must contain factual allegations plausibly showing: "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution . . .; (2) [Wells Fargo] performed a public function that was traditionally the exclusive prerogative of the State . . .[;] or (3) the State had so far insinuated itself into a position of interdependence with [Wells

Fargo] that it was a joint participant in the enterprise . . . ." *See Hughes*, 2017 WL 3083257, at *3 (alterations added). The Springers' Complaint contains no such factual allegations. And without such factual allegations, the Springers' constitutional claims fail. *See id.* ("Because Plaintiff has failed to make allegations that satisfy any of the three tests that would make a private entity a state actor in the context of the 14th Amendment, his § 1983 claim against the [defendant] is due to be dismissed with prejudice.").[4]

B.     **The Springers' claims are barred by res judicata.**

The Springers' claims are also barred by the doctrine of res judicata and should be dismissed. The doctrine of res judicata "bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Maldonado v. U.S. Attorney Gen.*, 664 F.3d 1369, 1375 (11th Cir. 2011). Res judicata serves the important purpose of preventing the vexation of multiple lawsuits, conserving judicial resources, and preventing inconsistent decisions. *See Allen v. McCurry*, 449 U.S. 90. 94 (1980). To that end, res judicata does not only bar all legal theories and claims that were asserted in the prior case, but it also bars all legal theories and claims "arising out of the same operative nucleus of fact." *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1356 (11th Cir. 1998).

---

[4] Presumably, the Springers have asserted a claim under 42 U.S.C. § 1983, which provides a means of recovery for the violation of a federal right. *See Hughes v. Meadows*, 2017 WL 3083257, at *2 n.6 (M.D. Ala. July 19, 2017).

Four elements must be met for res judicata to bar a subsequent case like the Springers' instant suit: "(1) there is a final judgment on the merits [in the previous case]; (2) the [prior] decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Smith v. Wells Fargo Bank, N.A.*, 2017 WL 3882525, at \*4 (M.D. Ala. Aug. 15, 2017) (quoting *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999)). Here, each element is easily met.

First, the Circuit Court entered a judgment on the merits in the Eviction Action. Second, the Circuit Court was a court of competent jurisdiction. Third, the Springers and Wells Fargo were parties to the Eviction Action and are parties to this action. And fourth, the same causes of action were involved in both cases. In both, the Springers claimed that Wells Fargo did not have the right to foreclose because no default had occurred—or as the Springers allege in this case, the "house had not reached foreclosure status." (Doc. 1 at 4.) What's more, to the extent that the Springers attempt to assert new claims against Wells Fargo based on the foreclosure sale, those claims are also barred because they arise out of the same set of operative facts. *See Smith*, 2017 WL 3882525, at \*5 (holding that res judicata barred a borrower from bringing claims based on a loan that "could have

been raised" in a previous eviction action). Because res judicata bars the Springers' claims, their Complaint should be dismissed.

**C.**     **The *Rooker-Feldman* doctrine bars this Court's reconsideration of the judgment in the Eviction Action.**

Beyond the Springers' failure to properly assert a due process claim against Wells Fargo and the res judicata bar to their claims, the *Rooker-Feldman* doctrine also prevents this Court's reconsideration of the Circuit Court's and Alabama Court of Civil Appeals' judgments in Wells Fargo's favor.

The *Rooker-Feldman* doctrine prohibits a federal district court from reviewing a final judgment of a state court for alleged errors of federal law. *See Williams v. Adkinson*, 792 F. Supp. 755 (M.D. Ala. 1992) ("In *Rooker*, the United States Supreme Court held that only it, and not lower federal courts, had the authority to review decisions rendered by the highest court of a state."). The doctrine applies in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced[,] and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). The *Rooker-Feldman* doctrine applies if: (1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and (4) the issue before the

federal court either was adjudicated by the state court or was inextricably intertwined with the state court's judgment. *Amos v. Glynn County Bd. of Tax Assessors*, 347 F.3d 1249, 1265 n. 11 (11th Cir. 2003). Each of these elements is present here.

First, as noted above, Wells Fargo was a party to the case before the Circuit Court; the Springers appealed the Circuit Court's judgment in Wells Fargo's favor to the Appellate Court, which issued a final, un-appealable order on the merits in Wells Fargo's favor. Moreover, the Springers had the opportunity to raise any federal claims in the state court proceedings. Indeed, the Springers raised their due process claims on appeal. The Springers have already had their chance—in the Circuit Court and the Appellate Court—to litigate any claims they had against Wells Fargo arising from the foreclosure sale. They cannot re-litigate those claims here.

Furthermore, insofar as the Springers assert new claims arising from the foreclosure sale, those claims are "inextricably intertwined with the state court's judgment" and remain precluded from reconsideration. For *Rooker-Feldman* purposes, any "federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001). If the federal claim can succeed without "calling into doubt the state court decision,"

the federal claim will not be barred. *Id.* at 1334. That is, the *Rooker-Feldman* doctrine divests a federal court of subject-matter jurisdiction where the relief requested requires determining that the state court decision was wrong or voiding the state court's ruling. *See Indus. Commc'ns & Elecs., Inc. v. Monroe Cnty.*, 134 F. App'x 314, 317 (11th Cir. 2005).

Any success by the Springers in their present action against Wells Fargo would be inconsistent with the Circuit Court's judgment in Wells Fargo's favor and the Appellate Court's affirmation of that judgment. The current Complaint seeks an affirmative finding from the Court that the foreclosure was wrongful and the return of title to the Property to the Springers—a finding that cannot be made without nullifying the Circuit Court's holding that the foreclosure was valid and awarding possession of the Property to Wells Fargo. Thus, as the Springers are "state court losers" seeking federal review of the Circuit Court's order in Wells Fargo's favor, the *Rooker-Feldman* doctrine prohibits this Court from exercising jurisdiction over their claims. *See Williams v. Tooke*, 108 F. 2d 758 (5th Cir. 1940) (affirming the district court's dismissal of a suit seeking to invalidate a state court judgment in a foreclosure action because the court lacked jurisdiction to review

state court's decision).[5] Accordingly, the Complaint against Wells Fargo should be dismissed.

## IV.  CONCLUSION

The Springers' constitutional claims against Wells Fargo fail because it is not a governmental entity or state actor, and were further inadequately pleaded. Their claims are further barred by res judicata and the *Rooker-Feldman* doctrine. Thus, the Springers' Complaint against Wells Fargo should be dismissed in its entirety.

Respectfully submitted the 13th day of November, 2017.

/s/ Jade E. Sipes
JADE E. SIPES
An Attorney for Defendant Wells Fargo
Bank, N.A.

**OF COUNSEL:**

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
420 20th Street North
Wells Fargo Tower, Suite 1400
Birmingham, Alabama 35203
Telephone (205) 328-0480
Facsimile (205) 322-8007
jsipes@bakerdonelson.com

---

[5] "Federal courts in other circuits have also consistently rejected attacks on state-court foreclosure judgments and eviction orders via the FDCPA, TILA, and other federal laws due to the Rooker-Feldman doctrine." *Smith v. Wells Fargo Bank, N.A.*, 2017 WL 3882525, at *6 n.8 (M.D. Ala. Aug. 15, 2017) (listing cases); *see also Palmer v. Resolution Trust Corp.*, 613 So. 2d 373, 375 (Ala. 1993) (holding that a counterclaim in an ejectment action that "challenged the validity of the underlying loan transaction and foreclosure" was so closely intertwined with the relief sought by the holder of the foreclosure deed that "separate adjudications would pose an unreasonable risk of inconsistent results").

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2017, the foregoing has been served upon the following via this Court's electronic filing system and U.S. First Class mail, postage prepaid, as follows:

Mrs. Jeanetta Springer and
Mr. Jacob C. Springer
195 Cynthia Circle
Roanoke, Alabama 36274


/s/ Jade E. Sipes
OF COUNSEL