```
        WACHOVIA BANK, NA
        WEST END-UNIVERSITY
     **PROVIDED STELLAR *7* SERVICE**


PAYMENT TO ACCOUNT:
                549010256▮
AMOUNT                    $380.00
09/27/07  27206  1050      #  152

Regular Payment          $380.00
Prin. Reduction            $0.00


          Time:  12:12 PM

      Calendar  Date: 09/27/07
   Deposit Effective Date: 09/27/07

   Thank You For Your Business
            Wachovia
```

```
        WACHOVIA BANK, NA
        WEST END-UNIVERSITY
     **PROVIDED STELLAR *7* SERVICE**


PAYMENT TO ACCOUNT:
                549010256▮
AMOUNT                    $380.00
07/09/07  27206  0019      #  62

Regular Payment          $380.00
Prin. Reduction            $0.00


          Time:  03:19 PM

      Calendar  Date: 07/06/07
   Deposit Effective Date: 07/09/07

   Thank You For Your Business
            Wachovia
```

```
        WACHOVIA BANK, NA
        WEST END-UNIVERSITY
     **PROVIDED STELLAR *7* SERVICE**


PAYMENT TO ACCOUNT:
              O 549010256▮
AMOUNT                    $380.00
02/13/08  27206  1050      #  231

Regular Payment          $380.00
Prin. Reduction            $0.00


          Time:  12:42 PM

      Calendar  Date: 02/13/08
   Deposit Effective Date: 02/13/08

   Thank You For Your Business
            Wachovia
```

```
        WACHOVIA BANK, NA
        WEST END-UNIVERSITY
     **PROVIDED STELLAR *7* SERVICE**


PAYMENT TO ACCOUNT:
                549010256▮
AMOUNT                    $380.00
05/27/08  27206  1050      #  216

Regular Payment          $380.00
Prin. Reduction            $0.00


          Time:  11:33 AM

      Calendar  Date: 05/27/08
   Deposit Effective Date: 05/27/08

   Thank You For Your Business
            Wachovia
```

```
          WACHOVIA BANK, NA
          WEST END-UNIVERSITY
      **PROVIDED STELLAR *7* SERVICE**


  PAYMENT TO ACCOUNT:
                    # 05490102562
  AMOUNT                    $400.00
  06/11/07   27206   1050     #   94

  Regular Payment            $400.00
  Prin. Reduction              $0.00


          Time:   03:54 PM

      Calendar Date: 06/08/07
  Deposit Effective Date: 06/11/07

      Thank You For Your Business
              Wachovia



              Wachovia
```

```
          WACHOVIA BANK, NA
          WEST END-UNIVERSITY
      **PROVIDED STELLAR *7* SERVICE**

  DEPOSIT ACCT#    1xxxxxxxx5934
  AVAIL BALANCE            $68.47~
  Date: 09/05/07   Time: 09:08   AM

  DEPOSIT TO ACCT# 1xxxxxxxx5934
  AMOUNT                   $120.00
  Cash In            $120.00
  09/05/07   27206   0048   # 0000136

  PAYMENT TO ACCOUNT:
                    549010256
  AMOUNT                   $380.00
  09/05/07   27206   0048     #  137

  Regular Payment           $380.00
  Prin. Reduction             $0.00


          Time:   09:09   AM

      Calendar Date: 09/05/07
  Deposit Effective Date: 09/05/07

      Thank You For Your Business
```

```
          WACHOVIA BANK, NA
          CASCADE CROSSING
          IT'S BEEN A PLEASURE!


  PAYMENT TO ACCOUNT:
                    549010256
  AMOUNT                    $40.00
  01/29/07   28212   0201     #   79

  Regular Payment            $40.00
  Prin. Reduction             $0.00


          Time:   10:24 AM

      Calendar Date: 01/27/07
  Deposit Effective Date: 01/29/07

      Thank You For Your Business
              Wachovia
```

```
          WACHOVIA BANK, NA
          WEST END-UNIVERSITY
      **PROVIDED STELLAR *7* SERVICE**


  PAYMENT TO ACCOUNT:
                    549010256
  AMOUNT                   $380.00
  03/27/07   27206   1050     #  150

  Regular Payment           $380.00
  Prin. Reduction             $0.00


          Time:   09:40 AM

      Calendar Date: 03/27/07
  Deposit Effective Date: 03/27/07

      Thank You For Your Business
              Wachovia
```

DOCUMENT 91

**WACHOVIA**

Transaction Receipt

Deposits May Not Be Available For Immediate Withdrawal. All Items Accounts Are Subject

PAYMENT TO ACCOUNT:
5490102563▮▮▮▮

AMOUNT                    $380.00

Sho   02/22/06  27206  0103      # 10         Member FDIC

Regular Payment          $380.00
Prin. Reduction           $0.00

```
WACHOVIA BANK N.A.
FEB 2 2 2006
27206
TELLER NO. 0103
```

Time:   02:11 PM

0000 582573 (1000/pkg)

Calendar  Date: 02/21/06
Deposit Effective Date: 02/22/06

---

WACHOVIA BANK, NA
WEST END-UNIVERSITY
**PROVIDED STELLER *7* SERVICE**

PAYMENT TO ACCOUNT:
5490102563▮▮▮▮

AMOUNT                    $400.00

11/17/06  27206  1050      # 454

Regular Payment          $400.00
Prin. Reduction           $0.00

Time:   01:10 PM

Calendar  Date: 11/17/06
Deposit Effective Date: 11/17/06

Thank You For Your Business
Wachovia

---

WACHOVIA BANK, NA
WEST END-UNIVERSITY
**PROVIDED STELLAR *7* SERVICE**

PAYMENT TO ACCOUNT:
5490102563▮▮▮▮

AMOUNT                    $380.00

12/29/06  27206  1050      # 291

Regular Payment          $380.00
Prin. Reduction           $0.00

Time:   10:46 AM

Calendar  Date: 12/29/06
Deposit Effective Date: 12/29/06

Thank You For Your Business
Wachovia

---

WACHOVIA BANK, NA
CASCADE CROSSING
IT'S BEEN A PLEASURE!

PAYMENT TO ACCOUNT:
5490102▮▮▮

AMOUNT                    $380.00

09/18/06  27206  7453      # 576

Regular Payment          $380.00
Prin. Reduction           $0.00

Time:   10:36 AM

Calendar  Date: 09/18/06
Deposit Effective Date: 09/18/06

Thank You For Your Business
Wachovia

```
        WACHOVIA BANK, NA
        WEST END-UNIVERSITY
   **PROVIDED STELLER *7* SERVICE**

  DEPOSIT TO ACCT# 1xxxxxxxx5934
  AMOUNT              $900.00
  06/13/06   27206   0048   # 0000239

  PAYMENT TO ACCOUNT:
              5490102█
  AMOUNT              $380.00
  06/13/06   27206   0048   # 241

  Regular Payment         $380.00
  Prin. Reduction          $0.00


         Time:   12:06  PM

      Calendar  Date: 06/13/06
  Deposit Effective Date: 06/13/06

    Thank You For Your Business
            Wachovia
```

```
        WACHOVIA BANK, NA
        WEST END-UNIVERSITY
   **PROVIDED STELLER *7* SERVICE**

  PAYMENT TO ACCOUNT:
              549010256█
  AMOUNT              $380.00
  08/22/06   27206   0035   #  43

  Regular Payment         $380.00
  Prin. Reduction          $0.00


         Time:   03:01  PM

      Calendar  Date: 08/21/06
  Deposit Effective Date: 08/22/06

    Thank You For Your Business
            Wachovia
```

```
        WACHOVIA BANK, NA
            ROANOKE
            ROANOKE

  PAYMENT TO ACCOUNT:
              549010256█
  AMOUNT              $380.00
  03/10/06   51744   0027   # 437

  Regular Payment         $380.00
  Prin. Reduction          $0.00


         Time:   10:25  AM

      Calendar  Date: 03/10/06
  Deposit Effective Date: 03/10/06

    Thank You For Your Business
            Wachovia
```

```
        WACHOVIA BANK, NA
        WEST END-UNIVERSITY
   **PROVIDED STELLER *7* SERVICE**

  PAYMENT TO ACCOUNT:
              549010256█
  AMOUNT              $380.00
  10/12/06   27206   1050   #  69

  Regular Payment         $380.00
  Prin. Reduction          $0.00


         Time:   03:34  PM

      Calendar  Date: 10/11/06
  Deposit Effective Date: 10/12/06

    Thank You For Your Business
            Wachovia
```

WACHOVIA BANK, NA
SHENANDOAH
Newnan

PAYMENT TO ACCOUNT:
54901025█████

AMOUNT                    $380.00
04/07/06  29003  0260      # 137

Regular Payment           $380.00
Prin. Reduction            $0.00

Time:  10:52 AM

Calendar Date: 04/07/06
Deposit Effective Date: 04/07/06

Thank You For Your Business
Wachovia

WACHOVIA BANK, NA
WEST END-UNIVERSITY
**PROVIDED STELLER *7* SERVICE**

PAYMENT TO ACCOUNT:
54901025█████

AMOUNT                    $380.00
07/10/06  27206  0048      # 379

Regular Payment           $380.00
Prin. Reduction            $0.00

Time:  11:12 AM

Calendar Date: 07/10/06
Deposit Effective Date: 07/10/06

Thank You For Your Business
Wachovia

WACHOVIA BANK, NA
WEST END- LEE ST.
WE VALUE OUR CUSTOMERS!

PAYMENT TO ACCOUNT:
549010256█████

AMOUNT                    $380.00
05/09/06  77219  0121      # 316

Regular Payment           $380.00
Prin. Reduction            $0.00

Time:  12:26 PM

Calendar Date: 05/09/06
Deposit Effective Date: 05/09/06

Thank You For Your Business
Wachovia

Received April 4, 2011

**WELLS FARGO BANK, N.A.**
7412 JEFFERSON STREET NE
ALBUQUERQUE, NM 87109
FOR INQUIRIES CALL (480)394-3122

CASHIER'S CHECK
Location ID CCG

**DATE:** 3/9/2011

11-24/1210(8)

000004

Remitter:  Wells Fargo  KC EX 9806800532660001

$200.00

Pay:  Two Hundred and 00/100

Pay to the order of:  ***WARREN MINNIFIELD***

TWO SIGNATURES REQUIRED IF OVER $100,000.00

Richard Kang

AUTHORIZED SIGNATURE

⑈"0000045362"⑈ ⑆:♯⑆000⑈:

**WELLS FARGO**

Wells Fargo Bank, N.A.
Mac# N9777-112A
PO Box 5169
Sioux Falls  SD  57117-5169

MAR 9 2011

$ .00.44⁰
MAR 31 2011
MAILED FROM ZIP CODE 57105

WARREN MINNIFIELD
619 LAFAYETTE HWY
ROANOKE , AL 36274-2021

36274 2021  0003

**CASHIER'S CHECK** 0006004

WELLS FARGO BANK, N.A.
7412 JEFFERSON STREET NE
ALBUQUERQUE, NM 87109
FOR INQUIRIES CALL (480)394-3122

Location ID CCG

**Remitter:** **Wells Fargo** KC EX 98068005322660001

**DATE:** 3/9/2011
11-24/1210(8)

**Pay:** Two Hundred and 00/100

$200.00

**Pay to the order of:** ***WARREN MINNIFIELD***

TWO SIGNATURES REQUIRED IF OVER $100,000.00

*Richard Leroy*

AUTHORIZED SIGNATURE

⑆000004536 2⑈ ⑇121000248⑇ 486 1506 574⑈

---

**Wells Fargo Bank, N.A.**
Mac# N9777-112A
PO Box 5169
Sioux Falls SD 57117-5169

MAILED FROM ZIPCODE 87106

WARREN MINNIFIELD
619 LAFAYETTE HWY
ROANOKE , AL 36274-2021

3627432021  C003

---

*Received april 4, 2011*

| ACCOUNT NUMBER | SUFFIX | DATE OF LAST TRANSACTION | PREVIOUS BALANCE | TRANS. CODE | TRANSACTION AMOUNT | INTEREST | PRINCIPAL | NEW BALANCE |
|---|---|---|---|---|---|---|---|---|
| 615473 | A | 071910 | 1527.11 | SW | 1489.76 | | | 37.35 |

CHK# 033953     REF# 442838     SHARE WITHDRAWAL                    REC 15133

PAYEE: WELLS FARGO                        TELLER: DIA

DATE: 07/19/10   TIME: 16:46:21   CHECK RECEIVED BY:

RHONDA FAYE WALKER
291 BARFIELD AVE SW
ATLANTA GA   30310-1104                              508094 ▮

*Rhnda F. Walk*

THIS DOCUMENT HAS AN ARTIFICIAL WATERMARK PRINTED ON THE BACK. THE FRONT OF THE DOCUMENT HAS A MICRO-PRINT SIGNATURE LINE. ABSENCE OF THESE FEATURES WILL INDICATE A COPY.

---

**FORT MCCLELLAN CREDIT UNION**                    CHK# 033953
                                                   REF# 442838
P.O. BOX 5250 • Fort McClellan, Alabama 36205
         256-237-2113                              508094 ▮
              2622
                                                   **OFFICIAL CHECK**   8-709
                                                                          110

PAY
  ***ONE THOUSAND FOUR HUNDRED EIGHTY NINE AND 76/100 DOLLARS***

                                                   DATE          AMOUNT

TO THE ORDER OF                                    07/19/10 ****1,489.76**

    WELLS FARGO                        VOID AFTER 90 DAYS
    ATTEN: RENA JACKSON
PAYABLE THROUGH  ACCT# 680053226600001
THE BANK OF NEW YORK MELLON  RHONDA WALKER        *signature*
EVERETT, MA                                        AUTHORIZED SIGNATURE   MP

⑆011007092⑆:00508   .09440051⑈

DOCUMENT 9†

## WACHOVIA OFFICIAL CHECK



64-7002
2611

17005

**WACHOVIA**

581437 (1/00/pkg Rev 01)

Pay To The
Order Of

$

Wachovia Bank, National Association

Dollars

Remitter    #054901025624162

**NON NEGOTIABLE**
Retain this copy. Serial No. required for any future inquiry.
**CUSTOMER COPY**

---

**EXPRESS MAIL**
UNITED STATES POSTAL SERVICE ®

**Customer Copy**
Label 11-B, March 2004

Post Office To Addressee

EH 493932674 US

**DELIVERY (POSTAL USE ONLY)**

| Delivery Attempt | Time | | Employee Signature |
| Mo. Day | | ☐ AM ☐ PM | |
| Delivery Attempt | Time | ☐ AM | Employee Signature |
| Mo. Day | | ☐ PM | |
| Delivery Date | Time | | Employee Signature |
| Mo. Day | 36274 | ☐ PM | |

APR 2 2009

**ORIGIN (POSTAL SERVICE USE ONLY)**

PO ZIP Code 30274

Day of Delivery ☐ Next ☐ 2nd ☐ 2nd Del. Day    E-N

Postage $ 17.50

Date Accepted
Mo. 4 Day 30 Year 09

Scheduled Date of Delivery
Month 5 Day

Return Receipt Fee $

Time Accepted 10:09 ☐ AM ☐ PM

Scheduled Time of Delivery
☐ Noon ☐ 3 PM

COD Fee $    Insurance Fee $

Military ☐ 2nd Day ☐ 3rd Day

Total Postage & Fees $ 17.50

Flat Rate ☐ or Weight
lbs. 2 ozs.

Int'l Alpha Country Code    Acceptance Emp. Initials    RC

**CUSTOMER USE ONLY**
PAYMENT BY ACCOUNT
Express Mail Corporate Acct No.

Federal Agency Acct No or
Postal Service Acct No

**NO DELIVERY**
☐ Weekend ☐ Holiday

**FROM:** (PLEASE PRINT)   PHONE ( 404 ) 245-3557

Rhonda F Walker
271 Barfield Ave. S.W.
Atlanta, GA 30310

**TO:** (PLEASE PRINT)   PHONE ( )

Rena Jackson
Wachovia Bank, N.A
Mail Code FL 0613
P.O. Box 2248
Jacksonville, FLORIDA
ZIP +4 (U.S. ADDRESSES ONLY. DO NOT USE FOR FOREIGN POSTAL CODES.)

3 2 2 0 3 + 2 2 4 8

**FOR PICKUP OR TRACKING**
Visit **www.usps.com**
Call 1-800-222-1811

EMS

FOR INTERNATIONAL DESTINATIONS, WRITE COUNTRY NAME BELOW.



CUSTOMER COPY

WACHOVIA OFFICIAL CHECK

170051

64-702
2611

$

Dollars

NON NEGOTIABLE

Retain this copy. Serial no. required for any future inquiry.

CUSTOMER COPY

WACHOVIA

Pay To The
Order Of

Wachovia Bank, National Association

Remitter

#054901025624162

58437 (100/pkg Rev 01)



**WACHOVIA**

01/16/07

PAST DUE NOTICE

A75220

P.O. BOX 13327
ROANOKE VA         24040-0343

*Bradley House*

Loan Number: 054901025█████

WARREN MINNIFIELD

619 LAFAYETTE HIGHWAY
ROANOKE AL 36274-0000

| Current Payment Amount Due | Current Due Date | Late Charge This Payment | Previous Past Due Amount | Late Charges Previously Due | Total Amount Due |
|---|---|---|---|---|---|
| 380.90 | 1/05/07 | 10.00 | .90 | 212.47 | 604.27 |

Did you overlook your payment?  Our records show that we have not received your current
payment that was due on the due date shown above.  The current payment amount due
and the resulting late charge must be paid unless you can show that the installment was
paid in full and on time.  Any amounts delinquent from previous months are shown above
and are included in the total amount due.  Please remit promptly if you have not
already paid the total amount due.

If you have any questions, please contact us at 800-829-2474.

If payment has already been made, thank you and please disregard this notice.

**IMPORTANT NOTICE:  We may report information about your account
to credit reporting bureaus.  Late payments, missed payments, or other
defaults on your account may also be reflected on your credit report.**

┌ **Detach and return this portion - Insert in envelope to address your payment**

WARREN MINNIFIELD                        Loan Number:            054901025█████
                                         Total Payment Due:            604.27
619 LAFAYETTE HIGHWAY                     Due Date                     1/05/07
ROANOKE AL 36274-0000

      Payments received after 2PM at a financial center      ┌─AMOUNT ENCLOSED─┐
      will be credited  as of the next BUSINESS DAY.          │ $               │
                                                              └─────────────────┘

105490102562416270000380908000006 █████

WACHOVIA BANK, N.A.
P. O. BOX 530554
ATLANTA, GA 30353-0554



**WACHOVIA**

*Bradley House*

01/15/08

PAST DUE NOTICE

A75220

P.O. BOX 13327
ROANOKE VA        24040-0343

Loan Number: 0549010256 ███

WARREN MINNIFIELD

619 LAFAYETTE HIGHWAY
ROANOKE AL 36274-0000

| Current Payment Amount Due | Current Due Date | Late Charge This Payment | Previous Past Due Amount | Late Charges Previously Due | Total Amount Due |
|---|---|---|---|---|---|
| 380.90 | 1/05/08 | 19.04 | 380.90 | 130.36 | 911.20 |

Did you overlook your payment?  Our records show that we have not received your current
payment that was due on the due date shown above.  The current payment amount due
and the resulting late charge must be paid unless you can show that the installment was
paid in full and on time.  Any amounts delinquent from previous months are shown above
and are included in the total amount due.  Please remit promptly if you have not
already paid the total amount due.

If you have any questions, please contact us at 800-829-2474.

If payment has already been made, thank you and please disregard this notice.

        **IMPORTANT NOTICE:  We may report information about your account
        to credit reporting bureaus.  Late payments, missed payments, or other
        defaults on your account may also be reflected on your credit report.**

--- Detach and return this portion - Insert in envelope to address your payment

WARREN MINNIFIELD                    Loan Number:            0549010256 ██
                                     Total Payment Due:              911.20
619 LAFAYETTE HIGHWAY                Due Date                       1/05/08
ROANOKE AL 36274-0000

        Payments received after 2PM at a financial center
        will be credited  as of the next BUSINESS DAY.         ┌AMOUNT ENCLOSED┐
                                                               │ $             │
                                                               └───────────────┘

    10549010256241627000038090800009112097

                                     WACHOVIA BANK, N.A.
                                     P. O. BOX 530554
                                     ATLANTA, GA 30353-0554

DOCUMENT 91

**WACHOVIA**

07/15/08

PAST DUE NOTICE

A75220

P.O. BOX 13327
ROANOKE VA      24040-0343

Loan Number: 054901025█

WARREN MINNIFIELD

619 LAFAYETTE HIGHWAY
ROANOKE AL 36274-0000

| Current Payment Amount Due | Current Due Date | Late Charge This Payment | Previous Past Due Amount | Late Charges Previously Due | Total Amount Due |
|---|---|---|---|---|---|
| 380.90 | 7/05/08 | 19.04 | 384.50 | 197.48 | 981.92 |

Did you overlook your payment?  Our records show that we have not received your current payment that was due on the due date shown above.  The current payment amount due and the resulting late charge must be paid unless you can show that the installment was paid in full and on time.  Any amounts delinquent from previous months are shown above and are included in the total amount due.  Please remit promptly if you have not already paid the total amount due.

If you have any questions, please contact us at 800-829-2474.

If payment has already been made, thank you and please disregard this notice.

**IMPORTANT NOTICE:  We may report information about your account to credit reporting bureaus.  Late payments, missed payments, or other defaults on your account may also be reflected on your credit report.**

┌ **Detach and return this portion - Insert in envelope to address your payment**

WARREN MINNIFIELD

619 LAFAYETTE HIGHWAY
ROANOKE AL 36274-0000

Loan Number:            054901025█
Total Payment Due:                981.92
Due Date                          7/05/08

Payments received after 2PM at a financial center
will be credited  as of the next BUSINESS DAY.

AMOUNT ENCLOSED

$

105490102562416270000380908000098192257

WACHOVIA BANK, N.A.
P. O. BOX 530554
ATLANTA, GA 30353-0554

ELECTRONICALLY FILED
5/16/2014 12:48 PM
56-CV-2012-900047.00
CIRCUIT COURT OF
RANDOLPH COUNTY, ALABAMA
CHRIS MAY, CLERK

## IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

| | | |
|---|---|---|
| **WELLS FARGO BANK, N.A.** | * | |
| **SUCCESSOR BY MERGER TO** | * | |
| **WACHOVIA BANK, N.A. F/K/A** | * | |
| **SOUTHTRUST BANK, N.A.,** | * | |
| | * | **CASE NO. CV-2012-900047** |
| **Plaintiff,** | * | |
| | * | |
| **VS.** | * | |
| | * | |
| **JEANETTA SPRINGER** | * | |
| **JACOB SPRINGER,** | * | |
| | * | |
| **Defendants.** | * | |

---

## PLAINTIFF'S MOTION TO STRIKE
## DEFENDANTS' APRIL 17, 2014 AND MAY 23, 2014 PLEADINGS AND EXHIBITS "A-15" ATTACHED THERETO

---

COMES NOW Plaintiff, Wells Fargo Bank, N.A., successor by merger to Wachovia Bank, N.A. F/K/A Southtrust Bank, N.A., (hereinafter "Wells Fargo"), and respectfully moves this Court to strike Defendants' April 17, 2014 and May 23, 2014 Pleadings and Exhibits "A-15" Attached Thereto (hereinafter "The Pleading"). Plaintiff moves this Honorable Court on the following grounds:

### I.    Procedural Background

For the Court's convenience, Wells Fargo includes a brief background of the procedural history of this case.

a. Plaintiff filed this ejectment action on April 25, 2012;

b. Defendants, through counsel, filed an Answer on July 29, 2012. With Defendants' Answer, Defendants attached discovery request for Production of Documents.

c. Responses and documents were provided to Defendants' counsel on November 29, 2012, and later supplemented with additional documents on April 4, 2013. Over 200-pages of documents were produced to Defendants.

d. On **June 10, 2013**, Plaintiff filed its pending Motion for Summary Judgment with a supporting affidavit and 62-pages of supporting and relevant evidence;

e. On June 11, 2013, Judge Perryman recused himself from presiding over this matter as he was named in a separate lawsuit filed by Defendants relating to a different and distinct legal matter. That same day, this matter was assigned to Judge Tom F. Young, Jr;

f. On June 14, 2013, Judge Perryman entered an Order of Continuance of this matter generally;

g. That same day, nearly a year after the Plaintiff's Complaint was originally filed, Defendants, through prior counsel, filed a "Notice of Service of Discovery Documents" with a notice of taking a deposition (and documents requested) of a Wells Fargo's representative pursuant to Ala. R. Civ. P. 30(b)(6) and 30(b)(5). No specific date or time was ever requested by Defendants.

h. This matter was generally continued with the Parties obligation to notify the Court when a hearing on Plaintiff's Motion for Summary Judgment was ripe.

i. It is undisputed that Defendants and/or counsel made zero attempts to try and schedule any deposition or establish any dates for the deposition they had noticed. Over  four (4) months later, on or about October 29, 2013, undersigned counsel for Plaintiff took the initiative and provided a block of dates in January 2014 that a Wells Fargo representative could be available to appear for a deposition in

Birmingham, Alabama. Namely, Defendants' counsel was provided the weeks of January 13-17, 2014 or the dates of January 27-31, 2014 in which to choose.

j.   Defendants' failed to ever take the deposition offered, nor did Defendants even select one of the numerous dates provided for them.

k.   On March 13, 2014, Defendants, Pro Se (although still represented by counsel at the time) hand-filed a "Motion for Extension of Time" to respond to Plaintiff's Motion for Summary Judgment.

l.   That same day, before Plaintiff's counsel was ever alerted to this filing, this Court granted Defendants' Motion for Continuance to respond to Plaintiff's Motion for Summary Judgment, specifically allowing them 30 additional days in which to file a response to Plaintiff's Motion for Summary Judgment.

m.  Defendants' Counsel of Record, Bob Kirby, withdrew from this matter on March 17, 2014.

n.   Following Defendants' failure to file any response within the 30 day extension provided by the Court, Plaintiff moved for entry of judgment in its favor on April 15, 2014.

o.   Defendants filed their Opposition to Plaintiff's Motion for Summary Judgment and Cross-Motion for Summary Judgment" and "Objection to Plaintiff's Motion for Entry of Judgment" on April 17, 2014.

p.   On May 23, 2104, Defendants later "supplemented" their April 17, 2014 filing with over 200+ pages of additional exhibits and arguments.

q.   This matter is set for a docket call setting on June 23, 2014.

3

## II.    Defendants' Response to Plaintiff's Motion For Summary Judgment Portion of Its Pleading And Defendants' May 23, 2014 Supplement Is Untimely Filed

Defendants' Response to Wells Fargo's Motion for Summary Judgment is untimely filed and due to be stricken pursuant to this Court's Order entered on March 13, 2014. This Order required any statement or affidavit in opposition shall be filed within 30 days. *See* Order. Because the thirtieth day ran on April 13, 2014, which was a Sunday, Defendants were actually afforded until Monday April 14, 2014, to file any response in opposition to Plaintiff's Motion for Summary Judgment. As is undisputed, Defendants' 150-page Pleading with Exhibit A-O was filed on April 17, 2014, clearly untimely under this Court's established Order.

Wells Fargo is entitled to an Order striking Defendants' Pleading and Exhibits filed on April 17, 2014 and May 23, 2014 in opposition to Plaintiff's Motion for Summary Judgment as these filings are clearly untimely filed pursuant to this Court's March 13, 2014 Order. Defendants' have offered no justifiable reason(s) (other than seemingly blaming this Court) for their failure to comply. *See Defendants' Response to Plaintiff's Motion For Entry of Judgment.* "[T]he trial court has the discretion to exclude as untimely any submission in opposition to a motion for a summary judgment…" *Speer v. Pin Palace Bowling Alley*, 599 So. 2d 1140 (Ala. 1992) (it is not an abuse to discretion to not consider an untimely filing in opposition to a motion for summary judgment).

As noted in Plaintiff's Motion for Entry of Judgment, Defendants have been afforded an extraordinary amount of time and opportunity to respond to Wells Fargo's Motion for Summary Judgment.  Wells Fargo's Motion for Summary Judgment has been pending since **June 10, 2013 – over 300 days**, of which time Defendants have been well aware of any potential defenses. Further, Defendants are responsible for their own delay as the material exhibits to Defendants'

Response appear to be readily available public documents or documents in Springer's possession.

The only apparent reason offered by Defendants for their failure to abide by this Court's Order was that the Court failed to give them proper notice and thus they were "shocked" when they received Plaintiff's Motion for Entry of Judgment. *See Defendants' Response to Plaintiff's Motion For Entry of Judgment.* This Court is not to be tasked with making sure Defendants are fully apprised of their *own* case. Alabama courts have consistently held a *pro se* litigant is bound by the law and rules just as an attorney. *See Ex parte Branson Mach., LLC*, 78 So. 3d 950, 955-56 (Ala. 2011) ("[A] pro se litigant is not exempt from procedural rules merely because of an unfamiliarity with them. '[T]he rules governing the operation of the courts of this state are no more forgiving to a pro se litigant than to one represented by counsel.'")(quoting *Walker v. Blackwell,* 800 So.2d 582, 588 (Ala.2001)). Plaintiff's counsel is tasked with keeping up with this litigation, without relying on the Court to make sure they are aware of Court Orders and deadlines. Defendants should be held to the same standard. Moreover, Defendants were represented by competent counsel of record for the large majority of this time and thus may not claim lack of knowledge of the procedures or this Court's Orders as an excuse.

For the above stated reasons, Wells Fargo moves to strike Defendants' Pleadings and Response (and supplemental filing) to Wells Fargo's Motion for Summary Judgment as untimely. If the Court is not inclined to strike Defendants' Response and Exhibits for being untimely filed, Wells Fargo alternatively moves the Court to Strike Defendants' Pleadings and Exhibits for numerous other procedural and evidentiary reasons.

III.   **Defendants' Response and Exhibits Are Due To Be Stricken As Unsupported and Irrelevant To The Ultimate Issue Before This Court**

All evidence offered in support of or opposition to summary judgment must be admissible at trial. *Yarborough v. Springhill Mem'l Hosp.*, 545 So. 2d 32 (Ala. 1989); Ala. R. Civ. Pro. 56(e). Evidence must be relevant to be admissible.  Ala. R. Evid. 402.  Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Ala. R. Evid. 401.

"Mere conclusory allegations or speculation that fact issues exist will not defeat a properly supported summary judgment motion, and bare argument or conjecture <u>does not satisfy the nonmoving party's burden to offer substantial evidence to defeat the motion</u>." *Casey v. McConnell*, 975 So. 2d 384 (Ala. Civ. App. 2007) (quoting *Blackburn v. State Farm Auto. Ins*., 652 So. 2d 1140, 1142 (Ala. 1994)) (emphasis added here).  Defendant's 150-page pleading is riddled with conclusory statements without any supporting documentation or statements of fact on which this Court can rely.  This is exactly the type of filing that the Alabama Supreme Court has held cannot rebut a properly supported Motion for Summary Judgment. *Id.*  To the extent Defendant's writing is intended to be an affidavit[1] or otherwise submitted evidence for the Court's consideration, it is due to be stricken.

Defendant's April 17, 2014 and May 23, 2014 pleadings attempts to offer evidentiary submissions to the Court (starting on page 68, Defendants' Exhs. A-O and see Defendants' Supplemental filing exhibit P-15).  Each exhibit has been offered without any proper support or

---

[1] Although failing to meet any of the evidentiary requirements for an Affidavit and for providing *supported* facts in support of their opposition, Defendant's Pleading claims that the "Statement of Facts" section is intended to serve as their "sworn affidavit and testimony" with respect to this matter. *See* The Pleading, p. 14.

authentication, but instead is twisted into conclusory and/or irrelevant statements which are speculative, hearsay testimony, legal conclusions, incomprehensible, or otherwise inadmissible. Therefore, Defendant's Pleadings and the purported Exhibits are due to be stricken.

In particular, Defendants' Pleading (and supplemental filing) contain volumes of statements beyond Defendants' personal knowledge, are hearsay of a third party declarant, or are sheer speculation and conjecture. *See* Ala. R. Evid. 703; 801; 802.  For a witness to testify to facts by personal knowledge, the witness must have been "in a position to observe and did observe those facts with which the testimony is concerned."  Ala. R. Evid. 602, Advisory Committee Notes (citing *State Farm Mut. Auto. Ins. Co. v. Humphres*, 304 So. 2d 573 (Ala. 1974); *Gullatt v. State*, 409 So. 2d 466 (Ala. Crim. App. 1981)). Defendants' Pleadings are so riddled with hearsay and mere speculation repeatedly referring to statements or documents of persons or entities not a party to this action.   Defendants' Pleading, also through pure speculation, attempts to offer the intent and state of mind of persons or entities other than themselves.   To this extent, Defendants' Pleading (and supplement) and Exhibits A-15 are due to be stricken as inadmissible hearsay, speculation or otherwise inadmissible statements.

Further, Defendants' Pleading (and supplement) is inherently unreliable, incomprehensible and inadmissible as it fails to lay the proper foundation for the statements contained therein.   For example. *See* Ala. R. Civ. P. 56(c)(statement of facts required to be supported by admissible evidence); Ala. R. Civ. P. 7(b)(1)(Motions shall state with particularity the grounds); Ala. R. Civ. P. 8(a)(claims for relief shall contain a short and plain statement of the claim showing the pleader is entitled to the relief requested.).   To this extent, Defendants' pleadings and exhibits are due to be stricken for failing to lay the proper foundation for the testimony contained therein.

Defendants' Pleadings are also rife with nonsensical conclusory attempts to offer self-evident testimony to assert legal conclusions as facts. Alabama Rule of Evidence 704 clearly states "[t]estimony in the form of an opinion or inference otherwise admissible <u>is to be excluded</u> if it embraces an ultimate issue to be decided by the trier of fact." (emphasis added). This Rule embodies the principle "that witnesses generally are <u>precluded</u> from giving opinions that <u>involve legal definitions or conclusions</u>." Ala. R. Evid. 704, Advisory Committee's Notes (citing references omitted, emphasis added). For example, Defendants' Pleadings repeatedly asserts, *inter alia*, that the Plaintiff "intentionally and willfully foreclosed" or Wells Fargo gave "misleading information", or Wells Fargo has apparently, according to Defendants' "violated the Alabama Deceptive Trade Practice Act", has "hatched a usurious deal for loaning her father the money" on the Property, among other legal conclusions. Each of these very statements contain mere conclusions of law, which is properly reserved for this Court, and is not fact or creates a disputed issue of fact just because the Defendant writes it on paper. To this extent, Defendants' Pleadings and exhibits are due to be stricken as replete with testimony to irrelevant legal conclusions. "Mere conclusory allegations or speculation that fact issues exist will not defeat a properly supported summary judgment motion, and bare argument or conjecture does not satisfy the nonmoving party's burden to offer **substantial evidence** to defeat the motion." *Casey v. McConnell*, 975 So. 2d 384 (Ala. Civ. App. 2007) (*quoting Blackburn v. State Farm Auto. Ins*., 652 So. 2d 1140, 1142 (Ala. 1994)) (emphasis added here).

IV.   <u>**Wells Fargo Moves To Strike Exhibits A-15 Attached to Defendants' Response to Summary Judgment On April 17, 2014 And Their Supplemental Filing on May 23, 2014**</u>

Wells Fargo moves to strike Exhibits "A-15" attached to Defendants' Pleadings. On April 17, 2014, Defendants attached labeled Exhibits "A-O" to their Response. On May 23,

DOCSBHM\1996700\1

2014, Defendants further sought to introduce Exhibits "P-15." Such documents are due to be stricken to the extent they are irrelevant, hearsay and are unauthenticated. *See* Ala. R. Evid. 401-402, 801-803, 901-902.

Additionally and more specifically, Wells Fargo moves to strike these exhibits on the following specific grounds in addition to the general grounds noted above:

i.  Exhibit A– Wells Fargo moves to strike this Exhibit as irrelevant and unauthenticated. Ala. R. Evid. 401-402, 901-902, 1001. This purported property tax statement from 1998 is unreliable, irrelevant and unauthenticated. Defendants offer no evidence or testimony authenticating this exhibit or explaining its relevancy to opposing Plaintiff's ejectment claim to obtaining possession of the property at issue. '[G]enerally the tax assessing authority's evaluation is not relevant when offered to prove market value. The rationale underlying this general exclusionary rule is that "it is notorious that properties are not assessed at anything like true value or market value." ' " *Presley v. B.I.C. Constr., Inc.*, [Ms. 2080286, Sept. 4, 2009] ⸺ So.3d ⸺, ⸺ (Ala.Civ.App.2009) (quoting 2 Charles W. Gamble, McElroy's Alabama Evidence § 267.04 (5th ed.1996)). *Berry v. Deutsche Bank Nat'l Trust Co.*, 57 So. 3d 142, 148 (Ala. Civ. App. 2010). The property tax records are hearsay, unauthenticated, and not attached to the affidavit as is required by Rule 56(e), Ala. R. Civ. P. *See Id*.; *Berry Mountain Mining Co. v. American Res. Ins. Co*., 541 So.2d 4, 4–5 (Ala.1989).

ii.  Exhibit C- Wells Fargo moves to strike this Exhibit as irrelevant and unauthenticated. Ala. R. Evid. 401-402, 901-902, 1001. This purported loan

application from 2008 is unreliable, irrelevant and unauthenticated. It is not even signed by Defendants. Defendants offer no evidence or testimony authenticating this exhibit or explaining its relevancy to opposing Plaintiff's ejectment claim to obtaining possession of the property at issue.

iii.    Exhibits D and E- Wells Fargo moves to strike this Exhibit as irrelevant and unauthenticated. Ala. R. Evid. 401-402, 901-902, 1001. Defendants offer no evidence or testimony authenticating this exhibit or explaining its relevancy to opposing Plaintiff's ejectment claim to obtaining possession of the property at issue.

iv.    Exhibit F- Wells Fargo moves to strike this Exhibit as irrelevant and unauthenticated. Ala. R. Evid. 401-402, 901-902, 1001. Defendants offer no evidence or testimony authenticating this exhibit or explaining its relevancy to opposing Plaintiff's ejectment claim to obtaining possession of the property at issue.

v.    Exhibit G-1- Wells Fargo moves to strike this Exhibit as irrelevant and unauthenticated. Ala. R. Evid. 401-402, 901-902, 1001. Defendants offer no evidence or testimony authenticating this exhibit or explaining its relevancy to opposing Plaintiff's ejectment claim to obtaining possession of the property at issue.

vi.    Exhibits G-3; G-4; and G-5- Wells Fargo moves to strike this Exhibit as irrelevant and unauthenticated. Ala. R. Evid. 401-402, 901-902, 1001. Defendants offer no evidence or testimony authenticating this exhibit or explaining its relevancy to opposing Plaintiff's ejectment claim to obtaining

10

possession of the property at issue. This appears to be nothing more than hearsay conclusory unauthenticated notes from Jeanetta Springer and Rhonda Walker (non-party).

vii.    Exhibit H- Wells Fargo moves to strike this Exhibit as irrelevant and unauthenticated. Ala. R. Evid. 401-402, 901-902, 1001. Defendants offer no evidence or testimony authenticating this exhibit or explaining its relevancy to opposing Plaintiff's ejectment claim to obtaining possession of the property at issue. This exhibit is purported to be a unsigned letter from Defendant to Ginny Rutledge at Sirote & Permutt on some unspecified date.

viii.   Exhibit I- Wells Fargo moves to strike this Exhibit as irrelevant and unauthenticated. Ala. R. Evid. 401-402, 901-902, 1001. Defendants offer no evidence or testimony authenticating this exhibit or explaining its relevancy to opposing Plaintiff's ejectment claim to obtaining possession of the property at issue. This appears to be nothing more than hearsay conclusory unauthenticated notes from Jeanetta Springer.

ix.     Exhibit J– Wells Fargo moves to strike this Exhibit as irrelevant and unauthenticated. Ala. R. Evid. 401-402, 901-902, 1001. This purported property tax statement from 2012 is unreliable, irrelevant and unauthenticated. Defendants offer no evidence or testimony authenticating this exhibit or explaining its relevancy to opposing Plaintiff's ejectment claim to obtaining possession of the property at issue. '[G]enerally the tax assessing authority's evaluation is not relevant when offered to prove market value. The rationale underlying this general exclusionary rule is that "it is notorious that properties

11

are not assessed at anything like true value or market value." ' " *Presley v. B.I.C. Constr., Inc.*, [Ms. 2080286, Sept. 4, 2009] —— So.3d ——, —— (Ala.Civ.App.2009) (quoting 2 Charles W. Gamble, McElroy's Alabama Evidence § 267.04 (5th ed.1996)). *Berry v. Deutsche Bank Nat'l Trust Co.*, 57 So. 3d 142, 148 (Ala. Civ. App. 2010). The property tax records are hearsay, unauthenticated, and not attached to the affidavit as is required by Rule 56(e), Ala. R. Civ. P. *See Id.*; *Berry Mountain Mining Co. v. American Res. Ins. Co.*, 541 So.2d 4, 4–5 (Ala.1989).

x.    Exhibit K- Wells Fargo moves to strike this Exhibit as irrelevant and unauthenticated. Ala. R. Evid. 401-402, 901-902, 1001. This exhibit appears to comprise numerous email communication between Defendants and former counsel Robert Kirby with what appears to be some information redacted.

xi.   Exhibit M- Wells Fargo moves to strike this Exhibit as irrelevant and unauthenticated. Ala. R. Evid. 401-402, 901-902, 1001. This appears to be some irrelevant unexecuted Promissory Note that has nothing to do with the Property at issue in this ejectment action.

xii.  No Exhibit N was designated by Defendants filing. Plaintiff reserves the right to state any objection or seek to strike such exhibit should Defendants attempt to designate.

xiii. Exhibit P- Wells Fargo moves to strike this Exhibit, including all 12 subparts of this Exhibit, which are purported to be Defendants self-created "summary of Account Activity from years 2002-2011, including a narrative summary of information presented in the summary of account for year 2010, as well as

12

what is purported to be an apparent "summary of the summaries" (P-12). Wells Fargo moves to strike this Exhibit, containing Defendants handwritten notes, and subparts, as irrelevant and unauthenticated and unreliable. Ala. R. Evid. 401-402, 901-902, 1001.

xiv.   Exhibit R- This compilation of irrelevant documents appear to be offered as check receipts for various random payments to Wells Fargo Bank and or the Roanoke Commission. Wells Fargo moves to strike this Exhibit, containing Defendants handwritten notes and self-created charts, and subparts, as irrelevant and unauthenticated and unreliable. Ala. R. Evid. 401-402, 901-902, 1001.

xv.    Exhibit S- This exhibit appears to purport a photocopy of a checkbook registry purportedly from Defendant Springer as well as some additional receipts and incomplete copies of some account history page with Defendants' handwriting and payments from a Fort McClellan Credit Union. Wells Fargo moves to strike this Exhibit, containing Defendants handwritten notes and self-created charts, and subparts, as irrelevant and unauthenticated and unreliable. Ala. R. Evid. 401-402, 901-902, 1001.

xvi.   Exhibit T- This Exhibit is purported to be "Letter fro Oliver Kitchens (page 1-7)" which has no relevance to this litigation. Wells Fargo moves to strike this Exhibit as irrelevant and unauthenticated and unreliable. Ala. R. Evid. 401-402, 901-902, 1001. Wells Fargo has no objection to the Note that is made part of this exhibit

13

xvii.   Exhibits U and V- These exhibits are inadmissible, unauthenticated and irrelevant pictures of what Defendants purport to be "Photograph of the Home Jeanetta moved out of to take on family home" and "Photograph of Christina Memorial Baptist Church Property." Wells Fargo moves to strike this Exhibit as irrelevant and unauthenticated and unreliable. Ala. R. Evid. 401-402, 901-902, 1001.

xviii.   Exhibit W- This exhibit is offered by Defendants as "Jeanetta and Jacob Springer's BBT Loan Application." Wells Fargo moves to strike this Exhibit as irrelevant and unauthenticated and unreliable. Ala. R. Evid. 401-402, 901-902, 1001.

xix.   Exhibit 1- This exhibit offered by Defendants is purported to be "2005-5-26 Satisfaction and Release of Mortgage (Bradley House)" which has no relevance to this litigation. Wells Fargo moves to strike this Exhibit as irrelevant and unauthenticated and unreliable. Ala. R. Evid. 401-402, 901-902, 1001.

xx.   Exhibit 2- This exhibit offered by Defendants is purported to be "2010-5-17 Fax Cover Sheet requesting loan modification (sent from local branch)" as well as "other fax cover sheets" which has no relevance to this litigation. Wells Fargo moves to strike this Exhibit as irrelevant and unauthenticated and unreliable. Ala. R. Evid. 401-402, 901-902, 1001.

xxi.   Exhibit 3- This exhibit is purported to be "Plaintiff's Bank to various departments trying to take care of mortgage" including various subparts "3-A to 3-G" including duplicates of Exhibit 3-A and Exhibit 2" which has no

14

relevance to this litigation. Wells Fargo moves to strike this Exhibit as irrelevant and unauthenticated and unreliable. Ala. R. Evid. 401-402, 901-902, 1001.

xxii.   Exhibit 4- This exhibit is a purported "printoff from Wells Fargo web page explaining their foreclosure process" which has no relevance to this litigation. Wells Fargo moves to strike this Exhibit as irrelevant and unauthenticated and unreliable. Ala. R. Evid. 401-402, 901-902, 1001.

xxiii.   No Exhibit 5 has been designated by Defendants. To the extent the "Certification" attached as page 93 of the 231 pages of purported exhibits is intended to serve as Exhibit 5, Plaintiff contends the document speaks for itself and is otherwise irrelevant to Plaintiff's entitlement and possession of the property.

xxiv.   Exhibit 6- this exhibit is purported to be "Filings against the Minnifield Estate (consists of 10 pages)" which has no relevance to this litigation. Wells Fargo moves to strike this Exhibit as irrelevant and unauthenticated and unreliable. Ala. R. Evid. 401-402, 901-902, 1001.

xxv.   Exhibits 7-9- these exhibits are purported to be "2012-7-12 U.S. Department of Justice Press Release", "2012-9-21 U.S. Department of Justice Consent Order" and "2012-9-20 U.S. Department of Justice Memorandum Opinion and Order" which have no relevance or effect on this litigation or Plaintiff's entitlement to the property or ability to pursue this ejectment action. Wells Fargo moves to strike this Exhibit as irrelevant and unauthenticated and unreliable. Ala. R. Evid. 401-402, 901-902, 1001.

xxvi.    Exhibit 10- this exhibit is purported to be "Summary of Payment Activity on Bradley House Account" which has no relevance to this litigation. Wells Fargo moves to strike this Exhibit as irrelevant and unauthenticated and unreliable. Ala. R. Evid. 401-402, 901-902, 1001.

xxvii.   Exhibit 12- Defendant offers this exhibit as self-conclusory and self-created "proof of Un-applied and/or Mis-applied Pyaments (Page 1-8)" including Defendants' "hand generated summary of payments on "The Bradley House" from 2002, through 2011 prepared in Tabular Format (Pages 1-11)" which has no relevance to this litigation. Wells Fargo moves to strike this Exhibit as irrelevant and unauthenticated and unreliable. Ala. R. Evid. 401-402, 901-902, 1001.

xxviii.  Exhibit 13- This exhibit consists of purportedly 11 subparts intended to serve as Defendants' self-created "Summary of Payments for year 2002 thru 2011" as well as a "Summary of the summaries" which has no relevance to this litigation. Wells Fargo moves to strike this Exhibit as irrelevant and unauthenticated and unreliable. Ala. R. Evid. 401-402, 901-902, 1001.

xxix.    Exhibit 14- This exhibit is purported to be the email sent from the undersigned to Defendants (pro se) on May 14, 2014. While this exhibit is due to be stricken as irrelevant to the claims at issue in this case, undersigned does take great offense to the unwarranted assertions made by Defendants. Defendants shockingly offer this email correspondence as some sort of "continued harassment" by Plaintiff by subjecting Defendants to "further abuse and oppression" by "threatening" and "intimidating" them with eviction. *See*

16

*Defendants' Supplement.* This unwarranted allegation could not be further from the truth. As clearly demonstrated in the writing within the email exchange, Defendants are now acting Pro Se. This email exchange was nothing more than Plaintiff's good faith attempts and offers to try and resolve this litigation without further involvement of this Court's resources. As clarified through this particular email exchange, Wells Fargo generously offered to settle this matter by offering to sale the property back to Defendants for $33,000. Following Plaintiff's counsel's conveyance of this offer to Jacob Springer via telephone, Defendant Jacob Springer, via email and U.S. Mail, responded that the price was too high for them and if Plaintiff was interested in considering another offer to let him know. As such, Plaintiff was generous enough to provide Defendants' with the opportunity to make their own offer to buy the property. Surprisingly, Defendants never made any offer. As such, on May 14, 2014, before Plaintiff undertook the costs associated with further litigation (like drafting this Motion and filing its reply in further support of summary judgment, etc), Plaintiff offered Defendants a last settlement option for Relocation Assistance which would provide them financial assistance to vacate the property within a date certain. This offer would be in return for a consent judgment for possession of the property in Plaintiff's favor. This method of resolution of these ejectment cases is very common. This offer was clearly conveyed (as noted in the email) as nothing more than an offer to resolve this matter. Nothing in this email could ever credibly be construed as "threatening" "oppressive" or "intimidating" as Defendants' unnecessarily

claim. Undersigned takes great offense to the unwarranted allegations Defendants have chosen to asserted. Undersigned was merely pursuing and relaying options to try and resolve this litigation as Exhibit 14 undoubtedly demonstrates.

Wells Fargo moves to strike Defendants' Pleadings as speculative of evidence not in the record. For example, for over 100 pages in Defendants' Pleadings, Defendants attempt to discuss the roles and relationships in the mortgage industry to her as a mortgagor and the respective responsibility of those entities, including her absurd "final thoughts" alleging that this ejectment action is being pursued based on her race. Defendants' far-reaching pleadings have only scant references to U.S. Code sections and Federal Regulations but fail to quote or otherwise cite factual support for any of the statements or claims. Their arguments are wholly unsupported by the record in this action and is pure speculation devoid of any legal basis. Wells

Fargo also moves to strike the "fact" section in Defendants' original pleading from April 17, 2014, to the extent Defendants claim to rely on this as a "sworn affidavit" as stated on Page 14. This section fails to meet any of the evidentiary obligations to satisfy this as an "sworn affidavit" to support their opposition or the exhibits they have largely created. It is in fact unsworn, not notarized, not executed with a signature, is largely based on information that is not Defendants' personal knowledge, is conclusory and speculative and is not supported by record evidence. *See* Ala. R. Civ. P. 56.

18

WHEREFORE, PREMISES CONSIDERED, Wells Fargo respectfully requests that the Court strike Defendants' Pleadings as untimely or, in the alternative, strike them and the exhibits attached as inadmissible for the above stated reasons.


Respectfully Submitted,


/s/ Jacob A. Kiser _____
Greggory M. Deitsch (DEI001)
Jacob A. Kiser (KIS004)
Attorneys for Plaintiff,

**OF COUNSEL:**
**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel.:   (205) 930-5100
Fax:    (205) 930-5101
jkiser@sirote.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2014, I electronically filed the foregoing with the Clerk of the Court using the Alafile e-filing system, which will send notification of such filing to all participants and by mailing by U.S. Mail a copy to all non-participants:

Jeanette and Jacob Springer, Defendants
619 Lafayette Hwy
Roanoke, AL 36274


/s/ Jacob A. Kiser _____
OF COUNSEL

19

ELECTRONICALLY FILED
7/29/2014 2:30 PM
56-CV-2012-900047.00
CIRCUIT COURT OF
RANDOLPH COUNTY, ALABAMA
CHRIS MAY, CLERK

## IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

WELLS FARGO BANK, N.A., )
                    Plaintiff, )
                              )
           V.                    )    Case No.:   CV-2012-900047.00
                              )
SPRINGER JEANETTA, )
SPRINGER JACOB, )
            Defendants. )

### Order

THIS CAUSE coming on to be heard on Plaintiff's Motion for Summary

Judgment with supporting Affidavit, and the Defendants having failed to file

an affidavit in opposition to Plaintiff's motion and the Court being of the

opinion that there is no genuine issue as to any material fact, and that Plaintiff

is entitled to a judgment as a matter of law, it is therefore ORDERED,

ADJUDGED AND DECREED as follows:

     1.     A judgment is hereby entered in favor of the Plaintiff, Wells Fargo

Bank, N.A. successor by merger to Wachovia Bank, N.A. f/k/a SouthTrust

Bank, N.A., and against the Defendants Jeanetta Springer and Jacob

Springer.

     2.     Possession of the real property set out below as set forth in

Plaintiff's complaint is hereby awarded to Plaintiff and any lawful sheriff of the

County of Randolph is hereby ordered to restore possession of the real

property to Plaintiff.

       Begin at an iron stake that marks the NE corner of Section 2, Township
       22 South, Range 12 East, of the Huntsville Meridian and run S 2

degrees 30 minutes E along the section line between Sections 1 and 2 a distance of 197 feet to a stake on the Southerly side of a blacktop street known as South Street at the point of beginning; thence N 49 degrees 01 minutes W along the Southerly side of South Street a distance of 455.6 feet to point of on the Easterly right of way line of Old Highway 431; thence S 11 degrees 33 minutes W along said right of way line a distance of 400 feet to a point; thence N 87 degrees 30 minutes E a distance of 400 feet to a point; thence N 2 degrees 30 minutes W a distance of 16.5 feet to a point; thence N 87 degrees 30 minutes E a distance of 360 feet to the section line between Sections 1 and 2; thence North a distance of 63 feet to the point of beginning.

Also known as 619 Lafayette Hwy, Roanoke, AL 36274.


    3.    This is a final order adjudicating all claims asserted by Plaintiff in

its complaint.

4.    Costs taxed as paid.


DONE this 28th day of July, 2014.

                     /s/ TOM. F. YOUNG JR.
                         CIRCUIT JUDGE

REL: 04/17/2015

STATE OF ALABAMA -- JUDICIAL DEPARTMENT
THE COURT OF CIVIL APPEALS
OCTOBER TERM, 2014-2015

2130909

Jeanetta Springer and Jacob C. Springer v. Wells Fargo, N.A., by merger successor to Wachovia Bank, N.A., f/k/a SouthTrust Bank.
Appeal from Randolph Circuit Court (CV-12-900047).

PITTMAN, Judge.

AFFIRMED.  NO OPINION.

See Rule 53(a)(1) and (a)(2)(E), Ala. R. App. P.; Rule 28(a), Ala. R. App. P.; Welch v. Hill, 608 So. 2d 727, 728 (Ala. 1992); and Schwartz v. Schwartz, 835 So. 2d 1017, 1018 (Ala. Civ. App. 2002).

Thompson, P.J., and Thomas, Moore, and Donaldson, JJ., concur.

# STATE OF ALABAMA
# COURT OF CIVIL APPEALS



**June 12, 2015**

**2130909**

Jeanetta Springer and Jacob C. Springer v. Wells Fargo, N.A., by merger successor to Wachovia Bank, N.A., f/k/a SouthTrust Bank  (Appeal from Randolph Circuit Court: CV-12-900047)

## CERTIFICATE OF JUDGMENT

The appeal in this cause having been duly submitted, IT IS CONSIDERED, ORDERED, AND ADJUDGED that the judgment of the court below was affirmed on April 17, 2015.

IT IS FURTHER ORDERED that the costs of appeal are taxed against the appellant(s) and sureties as provided by Rule 35, Alabama Rules of Appellate Procedure.

The Petition For Writ of Certiorari filed in the Supreme Court of Alabama on April 30, 2015, was denied on June 12, 2015.  The certificate of judgment is being issued this date.

*Rebecca C. Oates*

Rebecca C. Oates
Clerk, Court of Civil Appeals