IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2017 DEC -6  A 9:30

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT

JEANETTA SPRINGER and JACOB C. SPRINGER,
Plaintiffs

V.

WELLS FARGO BANK, N.A., et al.,
Defendants

CASE NO.: 2:17-cv-693-MHT-WC

## RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS

Comes now the Plaintiffs, Jeanetta Springer and Jacob C. Springer, each representing *pro se*, responding to the Defendants' Motions to dismiss the case.

This court has jurisdiction under Title 28 United States Code, §1331, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This court has subject matter jurisdiction because the parties are citizens of two different states. Plaintiffs are residents of Alabama, and the Defendants are residents of California and Alabama respectively. There is a diversity of citizenship and furthermore, the damages exceed $100,000.00.

Under the 14th Amendment, §1, it states "…No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

Following the Court's ruling in 1896 of Plessy v. Ferguson, segregation of public schools based solely on race was allowed by states if the facilities were "equal." Brown

1



overturned that decision. Regardless of the "equality" of facilities, the Court ruled that separate is inherently unequal. Thus public school segregation based on race was found in violation of the 14th Amendment's Equal Protection Clause.

Doctrine of res judicata does not apply in this case because the issues in this case and the case defendant refer to are not identical. This is based on the fact in the case defendant refers to the issue was whether there was a lawful ejectment from the property owned by plaintiff Jeanetta Springer based on failure to her condition of payment of the mortgage of the house foreclosed upon. The issue there was whether plaintiffs Jeanetta and Jacob Springer breached the contract/mortgage. **See** , e.g., Thomas v. Metra Rail Serv., No. 966 C 8489, 1997 U.S. Dist. LEXIS 16027, at *9 n.2 (N.D. Ill. Oct. 6, 1997) ("The Court is mindful that a judgment obtained through fraud cannot act as a bar to a subsequent suit on the same cause of action thus preventing the application of res judicata.")

In this case, the issue is whether defendant Wells Fargo committed fraud by intentionally using a writ of garnishment aimed at Plaintiff Jacob Springer for Alabama State Taxes owed, knowing that Plaintiff Jacob Springer was NOT listed as a party to the mortgage. (See Exhibits A —Contract— and B—The writ) Defendant was only entitled to hold in trust for the Alabama Department of Revenue property Defendant held that belonged to plaintiff Jacob Springer ONLY. (Emphasis Added) In an attempt to gain possession of Plaintiff Jeanetta Springer's House, Defendant treated the mortgage as one that was taken out by both plaintiffs knowing that was not the case. Therefore, while

both cases involved ejectment, one was based on the theory of mortgage foreclosure while the case at bar was based on garnishment.

Even if the issues were the same, res judicata would not apply in this case because it involved fraud on the part of the defendant. (See Rule 60 (b) (3)—Misrepresentation of misconduct, Fed. Rules of Civil Procedure) The fraud was outlined above and evidenced by plaintiff's exhibits A, B, and C.

Rooker-Feldman Doctrine does not apply here because, once again, this is not an attempt to appeal whether or not the foreclosure and resulting ejectment due to the foreclosure was proper which was the issue in state court. Here, Plaintiffs are alleging fraud that occurred on or about October 15, 2015. This was well after the events that took place and was complained of in the cause of action the Defendant references. Therefore, this is not a case of simply attempting to have the Federal District Court act as an appellate court for state court actions. This is a case of having the Federal Court resolve an entirely new case and controversy that it *has* jurisdiction over.

The United States District Court for the District of New Jersey recently reached a similar holding in Frame v. Lowe, stating, "Fraud in the procurement of a judgment is an 'independent claim' that is not barred by Rooker-Feldman Doctrine."

Finally, a cause of action from which relief can be granted has been alleged. Plaintiffs alleged the Defendant misrepresented the material facts which were that the writ of garnishment against petitioner Jacob Springer did NOT authorize them to seize

3

property owned only by petitioner Jeanetta Springer. That the Sheriff of Randolph County, Alabama relied on this misrepresentation and/or omission and seized Plaintiff Jeanetta Springer's Property. Additionally, Both plaintiffs relied on the misrepresentation of defendant that they had authority to seize plaintiff Jeanetta Springer's Property based on Plaintiff Jacob Springer's debt, or in the alternative, both plaintiffs relied on the defendants intentional or reckless omission of the material fact they did not have the authority to seize plaintiff Jeanetta Springer's House to satisfy a tax debt owed by Jacob Springer when his name was NOT on the mortgage.

## CONCLUSION

This Circuit Court has held that the 14th Amendment was violated since there were infringements in both Due Process and Equal Protection Requirements. It appears this principle is ignored by Randolph County, Alabama every day. People should not be afraid to have a trial by jury in Randolph County, Alabama. It appears all cases pertaining to Randolph County, Alabama will come to the courts and demand to dismiss based on res judicata and Rooker-Feldman Doctrine. In May of this year, this Court acted the way it should have acted nine years ago when I first came to this court explaining the process going on within the Randolph County Circuit Court.

_Jeanetta R Springer_
Jeanetta Springer, Pro Se
195 Cynthia Circle
Roanoke, AL  36274
(334) 338-5004

_Jacob C Springer_
Jacob C. Springer  Pro Se
195 Cynthia Circle
Roanoke, AL  36274
(256) 375-2862

5

## CERTIFICATE OF SERVICE

We hereby certify that we have this day, the 6th of December, 2017, mailed a copy of this brief by depositing the same in the United States Postal Service in envelope with Adequate Postage paid thereon and properly addressed to the following:

Jade E. Sipes, Counsel
Baker Donelson, Bearman, Caldwell, & Berkowitz, P.C.
420 20th Street North
Wells Fargo Tower, Suite 1400
Birmingham, AL  35203


Sirote & Permutt, P.C.
2311 Highland Avenue S
P.O. Box 55727
Birmingham, AL  35205

David Avery
Deputy Counsel, State of Alabama
Department of Revenue
P.O. Box 320001
Montgomery, AL  36132-0001

Jeanetta Springer, Pro Se
195 Cynthia Circle
Roanoke, AL  36274
(334) 338-5004

Jacob C. Springer, Pro Se
195 Cynthia Circle
Roanoke, AL  36274
(256) 375-2862