IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JEANETTA AND JACOB C. SPRINGER, ) ) ) | |
| Plaintiffs, ) ) | |
| v.  ) ) | CV NO. 2:17-CV-693-MHT |
| WELLS FARGO BANK, N.A., *et al.*, ) ) | |
| Defendant. ) | |

**WELLS FARGO'S REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO DISMISS**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") Replies to Plaintiffs Jeanetta and Jacob Springers' Response in Opposition to Wells Fargo's Motion to Dismiss (Doc. 21). The Springers' Response failed to establish that their Complaint contains a viable claim for relief. Thus, the Complaint should be dismissed.

**A.   The Springers' failure to establish that Wells Fargo is a "state actor" precludes their due process claim.**

The Springers' Response did not address Wells Fargo's assertion that their due process claim fails because Wells Fargo is not a "state actor." (*See generally*, Doc. 21.) Without well-pleaded facts establishing that Wells Fargo is a "state actor" who engaged in conduct that violated the Constitution, the Springer's due

process claim should be dismissed. *See Hughes v. Meadows*, 2017 WL 3083257, *3 (M.D. Ala. July 19, 2017).

B.  **Rooker-Feldman and Res Judicata bar the Springers' claims.**

The Springers' Response further failed to demonstrate that their claims survive the application of the Rooker-Feldman doctrine or res judicata. Thus, the Complaint should be dismissed.

Within its Motion to Dismiss, Wells Fargo argued that the Springers' current claims are an attempt to obtain judicial review of a state court judgment in Wells Fargo's favor. (*See* Doc. 11, pp. 8-10.) Consequently, the Rooker-Feldman doctrine prevents this Court from evaluating the Springers' claims. *See Williams v. Adkinson*, 792 F. Supp. 755 (M.D. Ala. 1992). While the Springers' Response attempted to evade the application of Rooker-Feldman as a bar to their claims, it fell short. The Complaint sought the return of the real property that formed the basis of the eviction action and their Response attached the promissory note with SouthTrust Bank in support of their current claims. (*See* Docs 1, 21 at Ex. A.) Because the Springers' claims regarding the loan, the foreclosure, and the eviction action were litigated to conclusion – on the merits – within Alabama's appellate court system, the Springers are mere "state court losers" complaining of injuries caused by state court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,

2

544 U.S. 280 (2005). The Rooker-Feldman doctrine prohibits this Court's review of the Springers' claims, and their Complaint should be dismissed as a result.

The Springers' claims are further barred by res judicata. Each of the required elements to apply res judicata are present, here: the Randolph County Circuit Court's order in Wells Fargo's favor was a final judgment, on the merits, issued by a court of competent jurisdiction. The parties to this action and the eviction case are identical. And, the Springers have asserted identical causes of action in both cases, namely that the foreclosure sale of the property securing the loan was wrongful. More importantly, any attempt by the Springers to assert new causes of action arising from the foreclosure sale would also be barred by res judicata, as the claims arise from the same set of operative facts. *See Smith v. Wells Fargo Bank, N.A.*, 2017 WL 3882525, at \*4 (M.D. Ala. Aug. 15, 2017). Accordingly, the Springers' claims are barred and should be dismissed.

## **CONCLUSION**

The Springers' Complaint failed to state a viable claim for relief against Wells Fargo. As established within Wells Fargo's Motion to Dismiss and herein, the Springers' due process claim fails in the absence of state action. Their remaining claims are precluded from review under the Rooker-Feldman doctrine and are barred by res judicata. The Springers' claims against Wells Fargo should be dismissed.

Respectfully submitted the 20th day of December, 2017.

/s/ Catherine C. Long
CATHERINE C. LONG
An Attorney for Defendant Wells Fargo Bank, N.A.

**OF COUNSEL:**
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
420 20th Street North
Wells Fargo Tower, Suite 1400
Birmingham, Alabama 35203
Telephone (205) 328-0480
Facsimile (205) 322-8007
clong@bakerdonelson.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2017, the foregoing has been served upon the following via this Court's electronic filing system and U.S. First Class mail, postage prepaid, as follows:

Mrs. Jeanetta Springer and
Mr. Jacob C. Springer
195 Cynthia Circle
Roanoke, Alabama 36274


Mr. Stephen B. Porterfield
SIROTE & PERMUTT, P.C.
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel: (205) 930-5278
Fax: (205) 930-5335
sporterfield@sirote.com


      /s/ Catherine C. Long
      OF COUNSEL