JACOB C. AND JEANETTA STEVENS SPRINGER
    Appellants, Pro se

v.

WELLS FARGO BANK, NA., et. al

Appellees

RECEIVED 2:17-cv-00693-ECM-WC

2021 JUL 14 P 12: 01

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

# JACOB AND JEANETTA SPRINGER'S RESPONSE TO THE CLERK'S LETTER

    Based on the letter sent by your office, the facts show that it was *mandatory* for Judge Marks to recuse herself in our trial. Moreover, while Judge Marks states that her ownership in Wells Fargo was a part of a managed account, she does not allege that it was part of a *blind trust*. This means that while she was not passively investing in the stock she could have been informed of her ownership at any time. In fact, the letter that your office sent simply says that it was brought to her attention that she had ownership in the stock. It does not say *when* the ownership was brought to her attention.

    These facts alone would constitute enough grounds for Judge Marks to recuse herself since this is extra-judicial activity (ownership in a Defendant's stock) and it is the type of information that would tend to cause an objective, disinterested layperson informed of the fact that Judge Marks owned such stock to reasonably

1

question and/or doubt the Judge's impartiality. Furthermore, the evidence tends to show that Judge Marks was partial to Wells Fargo.

Had we known of the Judge's ownership of this stock we most certainly would have filed a motion to have the Judge recuse herself. On needs to look no further than the fact that we sought to have the Magistrate Judge recuse himself based on bias with less evidence than the evidence available showing Judge Mark's potential bias. The Judge's appearance of bias would have made us concerned about her objectivity as it relates to adopting Magistrate Judge Capel's report and recommendation.

For example, although Judge Marks allegedly stated that her stock ownership did not affect her decision, an objectively reasonable layperson could argue that a non-interested Judge may have afforded Plaintiffs, acting as *Pro se* litigants, the opportunity to amend our pleadings to state a claim upon which relief could have been granted as opposed to agreeing with the Magistrate Judge's decision that our complaints were not capable of being crafted into viable claims.

For instance, the Magistrate Judge's decision was based on his construction of Plaintiffs complaint. The question then becomes could a different District Judge have found that by allowing Plaintiffs to amend our complaint that a different construction of Plaintiffs claims would have been made, including but not limited

2

to, alleging totally different claims that are not subject to Rooker-Feldman or Res Judicata doctrines.

As an example, Plaintiffs could have theoretically amended our complaint to allege breach of contract and fraud claims that would not require the State Court judgement to be nullified nor would the success of such a complaint require that the success of these claims would "effectively nullify" the state court judgment. Without committing to a certain set of allegations, if our complaint were to allege that Wells Fargo sold the property at a surplus and failed to inform us of that fact and failed to provide us with the surplus. The mortgage allowed for the sale of the property in the event of a default by us, but it also only authorized the proceeds to be applied to the debt owed, not to allow Wells Fargo to keep the rest. Success of a breach of contract claim based on this or similar facts would not require this court to nullify the eviction/ejectment judgment against us. Nor does the success of the claim "effectively nullify" the eviction claim. The house would still belong to Wells Fargo. However, compensatory damages, if proven, in the form of money would due to us.

Also, such a claim of breach of contract limited to the *distribution* of the proceeds *after* the foreclosure sale and eviction do not depend on the same nucleus of operative facts as the State court judgment. Therefore, it would not be barred by the doctrine of Res Judicata.

These arguments should in no way be perceived to be the only facts, claims, and arguments that we can make if allowed to amend or complaint. This was set forth as evidence that a disinterested District Judge could have conceivably refused to adopt the Magistrates recommendation to dismiss the case *with prejudice* with only a footnote (n. 18) stating that objecting to his findings and conclusions within 10 days would achieve the same function as specifically stating to Pro se plaintiffs that they have the right to amend our complaint prior to any dismissal with prejudice. While the Magistrate Judge as well as Chief District Judge Marks was within our right to take this approach, the issue is whether a different disinterested Judge may have afforded us more rights or the same rights in more clearer language to ensure that we did not waive that right. Saying you have the right to *object* to findings of facts and conclusions of law to a reasonable Pro se layperson is not the same and not as effective as specifically stating that the party would have the right to *amend* our pleadings.

## REMEDIES AND RELIEF REQUESTED

The Plaintiffs *Pro Se*'s request that the proper procedure be initiated to have the appellate court mandate be lifted or rescinded. That after that is done, the Plaintiffs *Pro Se* be allowed to amend our complaint at least once as the Eleventh Circuit case law states. That the Plaintiffs be allowed to rescind our consent to have the Magistrate Judge decide our case, asserting our right to have an Art. III

4

judge decide the case, including pretrial issues, including but not limited to, conducting any reasonable construction of our complaint (if needed).

In the alternative to the above, if the appellate court's mandate cannot be lifted and the case be remanded, the Plaintiffs request/suggest the filing of a Writ of Mandamus be issued *sua sponte* ordering Judge Marks to recuse herself, that the District Court allow the Plaintiffs to file a Motion for Leave of Court to Amend its Complaint along with the proposed amended Complaint, that the Plaintiffs be allowed to rescind our consent to Magistrate Judge's determination on the merits, and that the newly designated District Judge consider the Plaintiffs Motion for Leave to Amend our complaint. If the Complaint can be amended, the Defendant's would have the opportunity to respond.

*Jeanetta Springer*   7/14/2021
Jeanetta Springer

_Jacob Springer_     7/14-2021

Jacob Springer