UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED 2022 JAN 12 P 12: 54

DEBRA P. HACKETT, CLK
MIDDLE DISTRICT ALA

| | |
|---|---|
| JEANETTA AND JACOB C SPRINGER,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A., et. al,<br><br>Defendants | Case No. CV NO. 2:17-CV-693-MHT<br><br>MOTION FOR PRETRIAL CONFERENCE<br><br>F.R.C.P. RULE 16 |

## **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PRETRIAL CONFERENCE**

Plaintiffs, JEANETTA AND JACOB C SPRINGER, submit this Memorandum of Law in support of their Motion to set a Pretrial Conference.

### **INTRODUCTION**

This court is certainly aware that illegal foreclosures have, and continue to occur, and this was obviously one of them.

This case received national notoriety as a result of an investigation by the Wall Street Journal as this court is undoubtedly aware (See: https://www.wsj.com/articles/131-federal-judges-broke-the-law-by-hearing-cases-where-they-had-a-financial-interest-11632834421).

Supreme Court Justice John Roberts stated he intends to address the issue. Legislation is pending in congress. (See, The Courthouse Ethics and Transparency Act).

All prior rulings in state and federal court were obtained through fraud or other misconduct by the Defendant and the Court. The Springers were clearly denied due process. This raises all kinds of legal issues including whether the Springers have claims against the United States, the State of Alabama, and all the attorneys who violated the rights of the Springers.

What is clear is that all prior adverse rulings in state and federal court must be set aside. (See, F.R.C.P. Rule 60; *United States v. Throckmorton*, 98 U.S. 61 (1878); *Barrow v. Hunton*, 99 U.S. 80 (18780; *Marshall v. Holmes*, 141 U.S. 589 (1891); *Toledo Scale Co. v. Computing Scale Co.*, 261 U.S. 399 (1923).)

A Wall Street Journal investigation found that judges have improperly failed to disqualify themselves from 685 court cases around the nation since 2010. Alerted to the violations by the Journal, 56 of the judges have directed court clerks to notify parties in 329 lawsuits that they should have recused themselves. Since there are overlapping issues of fact and law, the 685 cases may have to be coordinated and Plaintiffs intend this to be notice of such. 28 U.S.C. 40.2.

Plaintiffs are currently making an effort to find counsel and believe they will be able to do so. They have already consulted with an expert who is helping.

As for liability of the judges, it will be an interesting issue as to whether the judges are immune from suits for damages.[1] However, it appears they are at least subject to declaratory, and injunctive relief, and to pay attorney's fees and court costs. *Pulliam v. Allen*, 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 [1984]. It is possible the judges in all 685 cases might be enjoined from hearing cases. Of course they are subject to discipline. Some involved in mortgage fraud may be criminally investigated or charged. (See: Twelve CT Judges Arrested for Capias

---

[1] "Decency, security and liberty alike demand that government officials shall be subjected to the rules of conduct that are commands to the citizen. In a government of laws, existence of the government will be imperiled if it fails to observe the law scrupulously. Our government is the potent, omnipresent teacher. For good or for ill, it teaches the whole people by its example. Crime is contagious. If the government becomes a lawbreaker, it breeds contempt for the law, it invites every man to come a law unto himself. It invites anarchy. (*United States v. Olmstead*, 277 U.S. 438 (1928).

Mortgage Fraud in CT.: https://www.youtube.com/watch?v=JIjbRqbYyzQ&t=179s;)

## FACTS REGARDING THE ILLEGAL FORECLOSURE

The basic facts regarding the foreclosure are set forth in the Motion To Dismiss filed by Defendant (Docket 11).

Wells Fargo has a long history of committing crimes and it is common knowledge and subject to judicial notice. https://www.corp-research.org/wells-fargo.

Some of the reasons the foreclosure was illegal are shown in the docu-series called The Con (see: www.thecon.tv). It is incorporated herein by reference.

## LAW

F.R.C.P. Rule 16 provides in part:

Rule 16— Pretrial Conferences; Scheduling; Management
(a) Pretrial Conferences; Objectives. In any action, the court may in its discretion direct the attorneys for the parties and any unrepresented parties to appear before it for a conference or conferences . . .

F.R.C.P. Rule 60 provides:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:

. . .

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

. . .

(6) any other reason justifying relief from the operation of the judgment.

(d) Other Powers to Grant Relief. This rule does not limit a court's power to:

(1) entertain an independent action to relieve a party from a judgment, order, or proceeding . . .

The federal court must set aside a state court judgment based on an independent action in equity. *United States v. Throckmorton*, 98 U.S. 61 (1878) ; *Barrow v. Hunton*, 99 U.S. 80 (1878); *Toledo Scale Co. v. Computing Scale Co.*, 261 U.S. 399 (1923); *Marshall v. Holmes*, 141 U.S. 589 (1891).

Alabama has a parallel statute for setting aside judgments. Alabama Rules of Civil Procedure, Rule 60.

Respectfully Submitted the 12th day of January 2022.

_____
Jeanetta Springer

_____
Jacob C Springer

Plaintiffs *pro se*

### CERTIFICATE OF SERVICE

I hereby certify that on January 12th, 2022 the foregoing has been served upon the following via email:

Donald Keith Andress
Baker Donelson Bearman Caldwell & Berkowitz PC
kandress@burr.com

Catherine Crosby Long
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
clong@bakerdonelson.com

Jade Eleanor Sipes
Baker Donelson Bearman Caldwell & Berkowitz PC
jsipes@bakerdonelson.com

Meghan Salvati Cole
Lightfoot Franklin & White
mcole@lightfootlaw.com

Stephen Bargainer Porterfield
Sirote & Permutt, P.C.
sporterfield@sirote.com

David Edward Avery, III
Alabama Dept of Revenue, Legal Division
david.avery.legal@revenue.alabama.gov

*/s/ Jeanetta Springer*
Jeanetta Springer

*/s/ Jacob Springer*
Jacob Springer